The PEOPLE of the State of Colorado,
Plaintiff–Appellant

v.

Dandy Lee VICKERY, Defendant–
Appellee.

No. 09SA383.

Supreme Court of Colorado,
En Banc.

April 26, 2010.

Martin C. Beeson, District Attorney, 9th Judicial District, Arnold P. Mordkin, Chief Deputy District Attorney, Aspen, Colorado, Attorneys for Plaintiff–Appellant.

Kathy Goudy, Carbondale, Colorado, Attorney for Defendant–Appellee.

Justice RICE delivered the Opinion of the Court.

In this interlocutory appeal taken pursuant to C.A.R. 4.1, we review an order from the Pitkin County District Court suppressing statements that the defendant made in response to police interrogation. We find that the trial court erred in suppressing the defendant's statements because the defendant knowingly and voluntarily waived his Fifth and Sixth Amendment rights to counsel. We therefore reverse the trial court's suppression order and remand for further proceedings.

## I. Facts and Procedural History

The defendant, Dandy Lee Vickery, was charged with twenty felony counts of Contributing to the Delinquency of a Minor under section 18–6–701, C.R.S. (2009), and seven misdemeanor counts of Unlawful Sexual Contact under section 18–3–404, C.R.S. (2009). The charges are based on allegations that Vickery provided alcohol to A.R., a fifteen-year-old girl, and that he unlawfully touched her in a sexual manner. The Aspen Police Department was in charge of investigations relating to A.R.

Concurrently, the Pitkin County Sheriff's Department was investigating Vickery regarding a separate allegation of sexual assault. This investigation centered on claims that Vickery had sexually assaulted a twenty-two year old, C.S. The Pitkin County Sheriff's Department and Aspen Police Department did not collaborate with one another or coordinate their investigations.

The Aspen police arrested Vickery. He could not make bond, so he was held in the Garfield County Jail pending a trial on the charges. At a pretrial hearing, Vickery requested a public defender to represent him. The court appointed a public defender, who then requested to withdraw because of a conflict of interest. The court subsequently appointed Vickery's present counsel to represent him.

While Vickery was in jail on the A.R. charges, Deputy Sheriff Paula Dent of the Pitkin County Sheriff's Department interviewed him about the sexual abuse allegations relating to C.S.[1] Deputy Dent met with Vickery in an attorney-visitation room of the jail and advised him of his *Miranda* rights. Vickery signed a *Miranda* waiver form. The pretrial testimony conflicts as to what was said during the interrogation. Deputy Dent testified that she was investigating the allegations related to C.S. and that Vickery spontaneously began speaking about A.R. Vickery testified that he did not understand he had a right to counsel and further disputes that he made any statements relating

1. Deputy Dent had previously interviewed A.R., who may have had information concerning C.S.'s sexual abuse. Deputy Dent, however, was not involved in the Aspen Police Department's investigation of the charges relating to A.R.

to A.R. There is no recording of the interrogation.

Vickery moved to suppress any statements made during the interrogation because, he argued, the interrogation violated his Fifth and Sixth Amendment rights to counsel. In its findings of fact, the trial court found that Vickery was represented by an attorney when the interrogation took place. The trial court determined that the interview primarily concerned C.S. It also found, however, that "at least a secondary purpose of the interview was to talk about contributing to the delinquency of a minor involving . . . [A.R.]." The trial court concluded that Vickery knowingly and voluntarily waived his Fifth Amendment right to counsel. Notwithstanding, the trial court suppressed any statements Vickery made during the interview, holding that the interview did not satisfy his Sixth Amendment right to counsel "since he already had an attorney in [the A.R.] case." The People then instituted this interlocutory appeal.

## II. Right to Counsel

The Fifth and Sixth Amendments both provide criminal defendants a right to counsel, though their protections are not the same. The trial court determined that Deputy Dent violated only Vickery's Sixth Amendment right to counsel.

### A. The Fifth Amendment

The Fifth Amendment does not explicitly provide a right to counsel, but the Supreme Court inferred such a right in *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).[2] The Fifth Amendment right to counsel applies only when the defendant is subjected to a custodial interrogation. *Id.* Once a defendant invokes his Fifth Amendment right to counsel, all questioning must cease. *People v. Adkins*, 113 P.3d 788, 791 (Colo.2005). The Fifth Amendment right to counsel applies to any individual subjected to a custodial interrogation, regardless of whether he or she has

been charged with a crime. *See People v. Matheny*, 46 P.3d 453, 462 (Colo.2002).

A defendant may waive his Fifth Amendment right to counsel if the waiver is knowing, voluntary, and intelligent. *People v. Platt*, 81 P.3d 1060, 1065 (Colo.2004). For a waiver to be voluntary, it must be "the product of free and deliberate choice rather than intimidation, coercion, or deception." *Moran v. Burbine*, 475 U.S. 412, 421, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986). It must also be knowing and intelligent, which we have described as being "made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it." *Platt*, 81 P.3d at 1065. The Supreme Court has held that "a suspect's awareness of all the possible subjects of questioning in advance of interrogation is not relevant to determining whether the suspect voluntarily, knowingly, and intelligently waived his Fifth Amendment privilege." *Colorado v. Spring*, 479 U.S. 564, 577, 107 S.Ct. 851, 93 L.Ed.2d 954 (1987).

### B. The Sixth Amendment

In contrast, the Sixth Amendment right to counsel attaches only once charges are filed. *McNeil v. Wisconsin*, 501 U.S. 171, 175, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991). Once charged, a criminal defendant has the right to have counsel present at all critical stages of the prosecution.[3] *Iowa v. Tovar*, 541 U.S. 77, 80–81, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004). An interrogation is a critical stage. *Massiah v. United States*, 377 U.S. 201, 204–05, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964). The Sixth Amendment right to counsel is offense-specific, meaning that it only applies to the charged offenses and not to investigations of other crimes. *McNeil*, 501 U.S. at 175, 111 S.Ct. 2204. The right to counsel under the Sixth Amendment, like under the Fifth Amendment, is waivable. *Montejo v. Louisiana*, —— U.S. ——, ——, 129 S.Ct. 2079, 2085, 173 L.Ed.2d 955 (2009).

---

**2.** The Fifth Amendment provides, in part, that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V.

**3.** The Sixth Amendment states that "the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

██ The Supreme Court's interpretation of the Sixth Amendment right to counsel has undergone substantial changes. The Court previously held that, once a defendant requests counsel under the Sixth Amendment, any subsequent waiver of that right is presumed involuntary. *Michigan v. Jackson,* 475 U.S. 625, 636, 106 S.Ct. 1404, 89 L.Ed.2d 631 (1986), *overruled by Montejo,* 129 S.Ct. at 2091. This view changed in 2009 when the Supreme Court explicitly overruled *Jackson* and held that a defendant may waive his Sixth Amendment right to counsel if the waiver is knowing, voluntary, and intelligent. *Montejo,* 129 S.Ct. at 2092. The Court held that the traditional rules for waiving Fifth Amendment rights under *Miranda* and its progeny[4] apply to the Sixth Amendment as well.[5] *Id.* at 2090, 2092. Therefore, a knowing, voluntary, and intelligent *Miranda* waiver is sufficient to waive both the defendant's Fifth and Sixth Amendment rights to counsel. *See id.*

## III. Application

The scope of Vickery's *Miranda* waiver is a mixed question of law and fact. "Hence, we defer to the trial court's factual findings so long as there is sufficient evidence in the record to support those findings, but we review the trial court's legal conclusions de novo." *People v. Alameno,* 193 P.3d 830, 834 (Colo.2008).

██ Deputy Dent interrogated Vickery while he was in the custody of the Garfield County Jail. Under *Miranda,* this was undoubtedly a custodial interrogation; therefore, Vickery had a Fifth Amendment right to counsel. 384 U.S. at 444, 86 S.Ct. 1602. Vickery's Sixth Amendment right to counsel had also attached, but only to those crimes for which he was already charged (those

relating to A.R.).[6] The trial court held that Vickery's Sixth Amendment right to counsel was violated because a secondary purpose of the interrogation was to investigate the A.R. charges, and he was represented by counsel in that case. The trial court made no further findings with respect to the Sixth Amendment violation or the scope of Vickery's *Miranda* waiver.

The testimony regarding Vickery's *Miranda* waiver varied at the pretrial hearing. Deputy Dent testified that she read Vickery his *Miranda* rights, and he initialed next to each one. Vickery claims that Deputy Dent never read the rights to him, that he did not have time to read the form, and that he did not initial next to each right. The *Miranda* waiver form itself shows that Vickery did not initial next to each right, but initialed next to the two waiver statements at the bottom of the form and then signed it. One of the initialed statements reads: "At this time, I am willing to answer questions without a lawyer present."

██ The trial court held that Vickery's *Miranda* waiver was knowing and voluntary. Based on our review of the record, we find that this holding was supported by the evidence. Where the trial court erred, however, was in its determination that Vickery's *Miranda* waiver was insufficient to waive his Sixth Amendment right to counsel. After *Montejo,* we cannot presume a waiver is involuntary simply because the defendant is represented by counsel for pending charges. 129 S.Ct. at 2092. So long as Vickery's *Miranda* waiver was knowing, voluntary, and intelligent, his statements are admissible at trial. *Id.*

---

4. The Supreme Court also noted the existence of other, post-*Miranda* prophylactic protections. In *Edwards v. Arizona,* the Supreme Court held that when a defendant has invoked his right to counsel, interrogation must stop. 451 U.S. 477, 484, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). In *Minnick v. Mississippi,* the Supreme Court held that, after a suspect requests counsel at a custodial interrogation, no subsequent interrogation may take place until counsel is present. 498 U.S. 146, 153, 111 S.Ct. 486, 112 L.Ed.2d 489 (1990).

5. The Supreme Court has "never suggested that one right is 'superior' or 'greater' than the other, nor is there any support in [its] cases for the notion that because a Sixth Amendment right may be involved, it is more difficult to waive than the Fifth Amendment counterpart." *Patterson v. Illinois,* 487 U.S. 285, 297–98, 108 S.Ct. 2389, 101 L.Ed.2d 261 (1988).

6. To reiterate, Vickery did not have a Sixth Amendment right to counsel in the C.S. case because he had not yet been charged in that case.

As noted above, the validity of Vickery's *Miranda* waiver is not affected by his awareness of all of the subjects of the interrogation.[7] *Spring*, 479 U.S. at 577, 107 S.Ct. 851. Vickery testified that he believed the interrogation would concern C.S., and Deputy Dent testified that she did not inform Vickery of the purpose of the interrogation. Even if Vickery believed the questioning would only relate to C.S., he was informed in the *Miranda* advisement that he could cease answering questions at any time. If the questioning shifted to A.R., Vickery was made aware by the *Miranda* advisement that he could have ceased talking or requested an attorney.

Because the trial court determined that Vickery's waiver of his *Miranda* rights was knowing and voluntary, he waived his Fifth and Sixth Amendment rights to counsel under *Montejo*. We therefore remand the case to the trial court for further proceedings.

---

7. The Court in *Spring* suggested, without deciding, that an affirmative misrepresentation by law enforcement officials as to the scope of the interrogation may affect a *Miranda* waiver's validity. 479 U.S. at 576 n. 8, 107 S.Ct. 851.